UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARVIN MITCHELL,                          :
                                          :
                        Plaintiff,        :     1:13-cv-05159(ALC)
                                          :
            -against-                     :     OPINION & ORDER
                                          :
EDWARD SEPOWSKI, et al.,                  :
                                          :
                        Defendants.       :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-25-14

ANDREW L. CARTER, JR., United States District Judge:

I.  INTRODUCTION

Plaintiff Marvin Mitchell ("Plaintiff"), formerly an inmate at the Otis Bantum Correctional Center ("OBCC") on Rikers Island and now residing at the Downstate Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 against Defendants, the City of New York, Edward Sepowski, Alvin Mack and Officer Black ("Defendants").  Plaintiff alleges that the Defendants violated his Eighth Amendment rights when the Rikers Island commissary sold him expired toothpaste and subsequently failed to give adequate medical attention after he fell ill upon using the toothpaste.  Defendants have moved to dismiss the complaint.  (ECF No. 13.) For the reasons described below, that motion is granted.

II. COMPLAINT

Plaintiff alleges that, beginning on April 15, 2013, the Rikers commissary sold him expired toothpaste for "approximately four weeks." (Compl. ¶ 2(d).)  Upon using the toothpaste, Plaintiff alleges that he started to "feel[] really sick" with symptoms of headaches, vomiting, sore throat and stomach pain. (Compl. ¶ 2(d).)  Plaintiff sought medical care, but claims that the medical staff only gave him some "tablets" which were ineffective, and refused to permit him to

COPIES MAILED

see a doctor or otherwise get full medical attention. (Compl. ¶ 2(d).) Plaintiff alleges that he has suffered extreme pain and emotional distress as a result of his use of the toothpaste, (Compl. ¶ 3), and brings suit against the City of New York, commissary owner Edward Sepowski, Alvin Mack, commissary manager, and Officer Black (collectively, the "Defendants").

Plaintiff filed his complaint on July 23, 2013 against Defendants, seeking $780,000 in damages. (Compl. ¶ 5.) Plaintiff alleges that he filed a grievance at OBCC's Central Punitive Segregation Unit, and was told that the "complaint was confirmed" and that "action [was] being taken." (Compl. ¶ 4(g).) Plaintiff also alleges that Officer Black confirmed that the toothpaste was in fact expired, but that Defendant Mack indicated that he was not aware of the issue. (Compl. ¶ 4(e)(2), (3).) Plaintiff also alleges that he called the Inspector General and reported the incident. (Compl. ¶ 4(g).) Finally, Plaintiff alleges that he never received a response to his complaint and that the Grievance Committee is not able to remedy the situation, (Compl. ¶ 4(g).), and that he was advised by one officer to file a lawsuit. (Compl. ¶ 4(f)(2).)

### III. DISCUSSION

Defendants jointly move to dismiss on the grounds that Plaintiff has failed to exhaust administrative remedies as mandated by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et seq.*, and that the Complaint fails to allege facts that rise to the level of a constitutional violation. The City also moves separately for dismissal on the ground that the Complaint fails to allege municipal liability, while the individual defendants separately contend that they have qualified immunity against these claims.

#### A. Legal Standards

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all the factual allegations in the complaint as true and draws all reasonable

inferences from them in a plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). Further, *pro se* complaints are liberally construed to raise the strongest claims that the allegations suggest, particularly in cases involving civil rights violations. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006); *Phillip v. Univ. of Rochester*, 316 F.3d 291, 293-94 (2d Cir. 2003). Like all other complaints, *pro se* complaints must contain sufficient factual allegations to "state a claim of relief that is plausible on its face." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, in line with the "special solicitude" afforded *pro se* litigants, a *pro se* complaint is ordinarily not dismissed without an opportunity to amend. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *Cucco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### B. Administrative Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion prior to filing a lawsuit is compulsory, regardless of "whether [the lawsuit] involve[s] general circumstances or particular episodes," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), or of the fit "between a prisoner's prayer for relief and the administrative remedies possible." *Booth v. Churner*, 532 U.S. 731, 739 (2001). The PLRA requires "'proper exhaustion,' which 'means using all the steps that the agency holds out, and doing so properly (so that the agency addresses issues on the merits).'" *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

A failure to exhaust argument is an affirmative defense, such that a plaintiff is not required to plead that they have exhausted administrative remedies in their complaint, and a court can only grant a Rule 12(b)(6) dismissal on this ground if a failure to exhaust is clear from the face of the complaint. *Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009); *Pani v. Empire*

3

*Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). Further, the administrative process that a prisoner must exhaust is defined "not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "The exhaustion inquiry thus requires that [district courts] look at the state prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009). If the prisoner has failed to comply, a court can excuse exhaustion if: (1) no remedies were in fact available to the prisoner; (2) defendants waived or forfeited the nonexhaustion defense through actions inhibiting the prisoner from exhausting; or (3) "special circumstances" exist which justify the prisoner's failure to comply with the administrative procedural requirements. *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011).

The Department of Correction's ("DOC") Inmate Grievance Resolution Program ("IGRP") lays out a standard process for adjudicating inmate complaints.[1] *First*, the inmate must file a grievance with the Inmate Grievance Resolution Committee, and the committee then has up to five days to resolve the grievance informally before attempting to resolve it formally. *Second*, if no informal resolution is reached within five (5) days of such submission or if the inmate disagrees with the informal resolution, the inmate may request a hearing at the Grievance Office. *Third*, an unsuccessful and still unsatisfied inmate may appeal to the Warden of the facility where he or she is housed. *Fourth*, the inmate may appeal any adverse decision by the Warden to the Central Office Review Committee ("CORC"). *Fifth*, should the inmate be unsuccessful in his or her to appeal the CORC, he may appeal to the New York City Board of Correction by filing an appeal with the Grievance Office.

---

[1] The Court takes judicial notice of the DOC's procedures under the IGRP under Rule 201(b) and 201(d) of the Federal Rules of Evidence. *See, e.g.*, *Seymore v. New York*, No. 12 Civ 6870(GBD)(HBP), 2014 WL 1259563, at *3 (S.D.N.Y. Mar. 26, 2014).

In opposing the motion to dismiss, Plaintiff concedes that he has only complied with the first of the foregoing steps. (Pl's Opp'n at 11-12, ECF No. 22.) However, Plaintiff argues that any failure to exhaust is "cured" by his letter to the Inspector General or, alternatively, that it is excused because the prison personnel obstructed his exhaustion when they told him that "there was nothing they can do." Defendants argue that the letter is not sufficient for exhaustion purposes and that forfeiture requires affirmative inhibitory action.

The Court declines to dismiss on nonexhaustion grounds at this juncture. While it is in fact well settled that communications outside of the established grievance procedures will not be considered as satisfaction of the exhaustion requirement, *see, e.g.*, *Beatty v. Goord*, 210 F. Supp. 2d 250, 255-56 (S.D.N.Y. 2000), Defendants have not established that only affirmative acts can trigger forfeiture of the nonexhaustion defense.

### C. § 1983 Eighth Amendment Claim

To state an Eighth Amendment claim based on inmate confinement conditions, a prisoner's complaint must allege that: "(1) objectively, the deprivation suffered was sufficiently serious that he was denied the minimal civilized measures of life's necessities, and (2) subjectively, the defendant acted with a sufficiently culpable state of mind . . . , such as deliberate indifference to inmate health or safety." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation and internal quotation marks omitted) (ellipsis in original). Defendants argue that the Complaint fails to satisfy both elements.

In order to satisfy the objective component, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill*, 657 F.3d at 122. Prison officials violate this aspect of the Eighth Amendment when they "deprive an inmate of his 'basic human needs' such as food, clothing,

5

medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 119. There is no "static test" for determining whether a deprivation is serious enough to violate an inmate's Eighth Amendment rights, however. *Id.* (citing *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012)). Rather, courts generally evaluate: (1) whether the prison official acted reasonably in response to the inmate's needs; and (2) what harm, if any, the inadequacy of the official's behavior to the inmate's needs has caused or will likely cause the inmate. *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006).

Even with a liberal construction of the Complaint, this Court must conclude that it does not satisfy the objective component. Plaintiff's allegations regarding the sale of expired toothpaste for four weeks are not sufficiently serious to give rise to a constitutional violation, regardless of whether it is cast (as Plaintiff seeks) as a constructive denial of toothpaste, or as a failure to offer an adequate assortment of toothpaste options. *Mitchell v. City of N.Y.*, No. 10 Civ. 4121(PKC), 2011 WL 1899718, at *2 (S.D.N.Y. May 13, 2011) ("courts have repeatedly concluded that the prices and product selections offered by prison food vendors cannot give rise to a constitutional violation"); *Myers v. City of N.Y.*, No. 11 Civ. 8525(PAE), 2012 WL 3776707, at *8 (S.D.N.Y. Aug. 29, 2012) ("[c]ourts are extremely reluctant . . . to find constitutional violations based on temporary deprivations of personal hygiene and grooming items") (alteration and ellipsis in original) (quoting *Benjamin v. Fraser*, 161 F. Supp. 2d 151, 175–76 (S.D.N.Y. 2001); *Chavis v. Kienert*, No. 9:03–CV–0039 (FJS/RFT), 2005 WL 2452150, at *21 (N.D.N.Y. Sept. 30, 2005) (holding denial of toiletries for a two-month period insufficient). Moreover, Plaintiff's claims of inadequate medical care fail, notwithstanding his conclusory allegations of suffering extreme pain, given that his alleged symptoms of headaches, upset stomach, sore throat and vomiting have been uniformly deemed by courts in this Circuit as insufficient for Eighth

Amendment purposes. *See Collado v. Sposato*, No. 12-CV-2151(SJF)(WDW), 2012 WL 3113837, at *4 (E.D.N.Y. July 24, 2012) (collecting cases); *Tafari v. Weinstock*, No. 07CV0683, 2010 WL 3420424, at *7 (W.D.N.Y. Aug. 27, 2010) ("constipation, vomiting and stomach pain . . . [did] not represent[] a condition of urgency or resulted in degeneration or extreme pain"); *Davidson v. Scully*, 155 F. Supp. 2d 77, 86 (S.D.N.Y. 2001) ("headaches, earaches, sinus congestion soreness in throat and eyes, tearing, nasal infections, and breathing problems" are "not, in objective terms, a serious medical need under the Eighth Amendment").

In light of the Complaint's deficiency as to the objective component of an Eighth Amendment violation, this Court need not consider Defendants' arguments on the subjective component or on the related issue of the individual defendants' qualified immunity defense. *See Lee v. Artuz*, No. 96 Civ. 8604, 2000 WL 231083, at *5 (S.D.N.Y. Feb. 29, 2000). However, the Court grants Plaintiff leave to file an amended complaint to include any allegations that would support a sufficiently serious deprivation, and will consider Defendants' arguments on the subjective component and qualified immunity issues in evaluating the amended complaint if necessary.

### D. Municipal Liability

Municipal liability only attaches under § 1983 if a plaintiff alleges that the deprivation of his constitutional rights resulted from a municipal policy or custom. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658, 690 (1978). To satisfy this standard, "a plaintiff must allege that 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the [municipality's] officers.'" *Ceparano v. Suffolk Cnty. Dep't of Health*, 485 F. App'x 505, 508 (2d Cir. 2012) (summary order) (quoting *Monell*, 436 U.S. at 690).

Defendant argues that Plaintiff's claim for municipal liability should be dismissed because the Complaint does not identify particular City policies or practices that have resulted in Plaintiff's alleged injuries. The Court agrees. The Complaint is devoid of any factual allegations supporting an inference of any City policies and how they may have led to sale of the toothpaste or the inadequate medical attention he alleges he received. The Court, however, will also revisit this issue if necessary in evaluating any amended complaint.

### IV.   CONCLUSION

For the foregoing reasons, Defendants Motion to Dismiss (ECF No. 13) is **GRANTED**. Plaintiff is granted leave to file an amended complaint **on or before November 7, 2014**. If no Amended Complaint is filed on or before that date, the Clerk of Court is respectfully directed to enter judgment for Defendants and close this case.

**SO ORDERED.**

**Dated:** September 25, 2014

New York, New York

ANDREW L. CARTER, JR.
**United States District Judge**